HARRIS, Judge.
The appellant, James Herbert Taylor, Jr., was indicted by the Spring 1982 term of the Butler County Grand Jury for the offense of second degree forgery, in violation of § 13A-9-8, Code of Alabama 1975.
Appellant was found to be indigent, whereupon on March 31, 1982, Harold L. Wilson was appointed to represent appellant. On May 3, 1982, appellant was arraigned where he entered a plea of not guilty.
On June 30, 1982, appellant withdrew his plea of not guilty and entered a plea of guilty. At that time, appellant and his attorney executed an “explanation of rights and plea of guilty form,” which contained the rights outlined in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Before accepting appellant’s guilty plea, the trial court conducted a thorough examination of appellant to determine that the plea was voluntarily and understanding^ made.
Subsequent to accepting appellant’s guilty plea, the trial court was informed that appellant had previously pleaded guilty to unrelated forgery charges against him in federal court. The federal court had not yet sentenced appellant, since he was cooperating with the United States Justice Department in an attempt to break a forgery ring. Consequently, the trial court delayed appellant’s imposition of sentence until appellant’s federal charges had been disposed of. Appellant was allowed to remain free on bond until sentencing.
On March 9, 1983, appellant filed a motion to withdraw his guilty plea and a motion for change of venue. The following day at appellant’s sentencing hearing, said motions were denied. Appellant was thereupon sentenced under the Habitual Felony Offender Act to fifteen years’ imprisonment.
The appellant contends that the trial court erred when it denied his request to withdraw his guilty plea. He maintains that the plea was the result of coercion since the only reason he pleaded guilty was so that he could cooperate with the federal authorities in an effort to prove his innocence.
Whether or not a defendant should be allowed to withdraw his guilty plea is a matter within the sound discretion of the trial judge. A refusal to allow such a request will not be disturbed unless an abuse of discretion is clearly shown, finer v. State, 421 So.2d 1369 (Ala.Cr.App.1982).
The record reveals that at the time appellant entered his plea of guilty, appellant made no mention of the fact that he was only pleading guilty so that he could help the federal authorities in an effort to prove his innocence. When asked by the trial judge if he was guilty of the offense, appellant replied, “Yes, sir.” The record also reveals that appellant had pleaded guilty to unrelated forgery -charges in federal court prior to his guilty plea in the trial court. Furthermore, at appellant’s sentenc *1038 ing hearing where his motion to withdraw his guilty plea was considered, no evidence was presented pointing to the innocence of appellant.
We also note that approximately nine months elapsed after the guilty plea before the appellant claimed his guilty plea was the result of coercion. As stated in Sanders v. State, 414 So.2d 482 (Ala.Cr.App.1982), “the tardiness of the appellant’s claim reflects upon its good faith, sincerity and credibility.” Based on the foregoing, it is our judgment that the trial court properly denied appellant’s motion to withdraw his plea of guilty.
Appellant further contends that the trial court erred when it refused to allow him to discuss his court-appointed attorney at his sentencing hearing on March 10,1983. However, after careful review of the record we find this contention to be without merit.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.