Appellant was indicted by the Walker County Grand Jury under two separate indictments for robbery in the first degree and assault in the first degree, both charges having arisen from the same criminal transaction. At arraignment, appellant entered a plea of not guilty to both indictments. After entering into a plea-bargaining agreement with the district attorney's office, appellant withdrew his not guilty plea as to the robbery indictment and entered a plea of guilty on November 16, 1981. In return, the State on its own motion dismissed the assault charge against appellant.
Before accepting appellant's guilty plea, the trial court conducted a thorough examination of appellant to determine that the plea was voluntarily and understandingly made. The court accepted appellant's plea, and, after a separate sentencing hearing requested by appellant's counsel, sentenced appellant to sixty-five years' imprisonment in the State penitentiary.
The appellant and his attorney stated at the time appellant entered his guilty plea that appellant's plea was not entered under any terms worked out with the district attorney's office as to appellant's sentence. The plea was entered with the understanding that the court alone would determine the appropriate sentence for appellant.
Appellant does not question the sufficiency of the evidence on appeal. His sole contention is that his guilty plea was not voluntarily and knowingly made where such plea was predicated on the appellant's erroneous belief that evidence pertaining to the companion assault charge would not be considered at the sentencing hearing. Appellant's motion to withdraw his guilty plea was denied by the trial court.
The assault charge was based upon the fact that the victim of the robbery, a fourteen-year-old boy, was shot by appellant during the robbery of the convenience store where the boy's mother worked. The robbery and assault were therefore combined in and took place as the result of one continuous chronological criminal transaction. Evidence of the assault was therefore admissible at the sentencing hearing as part of the res gestae of the crime for which appellant was indicted. Poke v. State,387 So.2d 310 (Ala.Cr.App. 1980).
Whether or not a defendant should be allowed to withdraw his guilty plea is a matter within the sound discretion of the trial judge. His refusal to allow such a request will not be disturbed except where an abuse of that discretion is demonstrated. Boykin v. State, 361 So.2d 1158 (Ala.Cr.App. 1978).
The record reveals that neither the trial court nor the district attorney made any representation to appellant concerning the length of his sentence. The mere subjective beliefs or expectations of appellant as to the length of sentence to be imposed, unsupported by any promise from the State or indications by the court, are insufficient and unavailing to set aside a guilty plea as unknowingly or involuntarily made. Bailey v. State, 375 So.2d 519 (Ala.Cr.App. 1979).
The trial court imposed a sentence within the statutory limits for the crime for which appellant was convicted. The question of whether appellant's guilty plea was entered because of a misrepresentation as to the length of sentence or was intelligently and voluntarily entered was for the trial court. We find no error in the trial court's exercise of its discretion. Clark v. State, 396 So.2d 1083 (Ala.Cr.App. 1981).
No error harmful to the substantial rights of appellant having been demonstrated on appeal, this case is affirmed.
AFFIRMED.
All the Judges concur. *Page 1371