LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a dismissal on motion of the State of a pro se petition for writ of error coram nobis. The target of the petition is the judgment of conviction and sentence of petitioner for theft in the first degree, which judgment was affirmed by the Alabama Court of Criminal Appeals on October 6, 1981, rehearing denied on October 27, 1981, and certiorari denied by the Alabama Supreme Court on December 18, 1981 (Simas v. State, 410 So.2d 139-143).
Among the grounds of the motion to dismiss were (1) that it affirmatively appeared as a matter of record that petitioner had filed a prior petition for writ of error coram nobis based on said judgment of conviction and sentence, which petition had been dismissed[1] and (2) “that no good cause is shown as to why no new ground or grounds were not known or could have been reasonably ascertained when the first petition was heard.”
Brevity is a good feature of the coram nobis petition. It consists of only two pages, and the only claimed ground for relief is the following:
“I wrote to the Lancaster Police Dept, on Sept. 2,1982 and on Sept. 11,1982 I got a copy of the Arrest Report when I was Arrested in Lancaster [Texas] and the Arrest Report was different than the testimony he [the Lancaster, Texas, police officer who arrested petitioner in Lancaster] gave in Court. In Court he testified that the car was surrounded by eighteen-wheeler trucks and hidden from site. The Police Report state that the car was sitting in the open away from all other vehicles. And there are other differences in his testimony to [sic].”
*31 Commendable brevity is also a characteristic of appellant’s brief, appellee’s brief, and appellant’s reply brief.
We are not persuaded that the belatedly obtained information as to the arresting officer’s report could not conceivably have been of some benefit to petitioner on the trial of the case in which he was convicted. However, we are not convinced that such is true, and we think that probably any claimed or apparent discrepancy between the arresting officer’s report and his testimony on the trial could be satisfactorily explained in staunch support of the truthfulness of his testimony. Furthermore, as contended in appellee’s brief, there is no semblance of any claim or contention in appellant’s petition that the evidence claimed to have been discovered by him as revealed by the arresting officer’s report could not reasonably have been discovered in time for him to have used the evidence on the trial of the case in which he was convicted. In such a circumstance, he was not entitled to coram nobis relief. As stated in Summers v. State, Ala.Cr.App., 366 So.2d 336, 340, per Judge Bowen:
“If the petitioner could reasonably have discovered the information in time to prevent the original conviction the remedy of coram nobis is not available. Echols v. State, 276 Ala. 489, 164 So.2d 486 (1964); Ison v. State, 44 Ala.App. 6, 200 So.2d 506 (1966), reversed on other grounds, 281 Ala. 189, 200 So.2d 511 (1967).”
As stated by Judge Bookout in Thigpen v. State, Ala.Cr.App., 372 So.2d 385, 387, cert. denied, 372 So.2d 387 (1979):
“... In the absence of fraud, matters which were known at the time, or which could have been discovered by exercising due diligence, cannot be raised on a petition for writ of error coram nobis.”
Even if appellant had obtained information as to the arresting officer’s report of arrest within time to have presented his claim for relief by a motion for a new trial, he would not have been entitled to a favorable ruling on the motion. To establish a right to a new trial on the ground of newly discovered evidence, the defendant must show that it could not have been discovered before trial by exercise of due diligence, that it is material to the issue, and that it is not merely cumulative or impeaching. Taylor v. State, 266 Ala. 618, 97 So.2d 802 (1957); Bland v. State, Ala.Cr.App., 390 So.2d 1098 (1980), writ denied, Ex parte Bland, Ala., 390 So.2d 1109, cert. denied, 451 U.S. 991, 101 S.Ct. 2332, 68 L.Ed.2d 851.
The trial court was correct in dismissing on motion of the State appellant’s petition for writ of error coram nobis, and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

. The judgment dismissing the first coram no-bis petition was affirmed without an opinion by the Alabama Court of Criminal Appeals on October 12, 1982 (Simas v. State, 425 So.2d 1377) and certiorari was denied without published opinion by the Alabama Supreme Court on December 13, 1982 (Ex parte Simas, 425 So.2d 1368).