This case arises out of the prosecution of the defendant, Phillip Heaton, for the sale of marijuana, in violation of Code 1975, § 20-2-70. On September 4, 1987, the defendant withdrew a prior plea of "not guilty" and entered a plea of "guilty" to the charge. The Baldwin County Circuit Court sentenced the defendant to 42 months in the state penitentiary and ordered him to pay a fine of $1,000 and to pay $500 to the Crime Victims Compensation Fund and court costs. After being sentenced, the defendant filed a motion to withdraw his plea of guilty and requested a new trial. The grounds asserted by the defendant in support of his motion are set forth in the record as follows: After entering his plea of guilty to the charge, the defendant learned that the arresting officer, Mark Janowski, allegedly had been involved in various illegal activities, including the use and sale of controlled substances; the defendant learned of this matter, as well as of a sheriff's investigation of Officer Janowski, in a later, unrelated court proceeding; and finally, had the defendant known of Officer Janowski's alleged illegal activities, he would not have pleaded guilty. On November 9, 1987, the *Page 933 
trial court conducted a hearing and denied the defendant's motion. The defendant then appealed to the Court of Criminal Appeals, which affirmed, without opinion, 531 So.2d 66.
The defendant raises the following single issue for review: whether the trial court abused its discretion in denying the defendant's motion to withdraw his plea of guilty and for a new trial.
The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of discretion. State v. Holman, 486 So.2d 500, 503 (Ala. 1986);Tiner v. State, 421 So.2d 1369, 1370 (Ala.Crim.App. 1982);Boykin v. State, 361 So.2d 1158, 1160 (Ala.Crim.App. 1978). The courts recognize that a plea must be entered intelligently and voluntarily, Tiner, 421 So.2d at 1370, and informing a defendant of the nature of the charge and the consequences of a guilty plea is crucial to the defendant's fashioning an intelligent and voluntary waiver. Chapman v. State,412 So.2d 1276, 1277 (Ala.Crim.App. 1982). The fact that the defendant later becomes dissatisfied with his sentence will not constitute a ground for invalidating the plea. Holman, 486 So.2d at 503; Chapman, 412 So.2d at 1278.
The petitioner in the present case does not allege that he was uninformed as to the nature of the charge or the possible consequences of a guilty plea or that his plea was involuntary. Rather, he argues that certain newly discovered evidence entitles him to withdraw his guilty plea and entitles him to a new trial. There are circumstances in which newly discovered evidence can serve as a valid ground for invalidating a guilty plea after sentencing and for receiving a new trial. Dawson v.State, 44 Ala. App. 525, 215 So.2d 459 (1968), cert. denied,283 Ala. 714, 215 So.2d 463 (Ala. 1968). These circumstances are set forth in a long line of cases on the subject of newly discovered evidence.
The standard of review for cases involving the grant or denial of a new trial based on newly discovered evidence is the same as that for a motion to withdraw a guilty plea.
 " 'The appellate courts look with disfavor on motions for new trials based on newly discovered evidence and the decision of the trial court will not be disturbed absent abuse of discretion.' Further, 'this court will indulge every presumption in favor of the correctness' of the trial judge's decision. The trial court is in the best position to determine the credibility of the new evidence."
Isom v. State, 497 So.2d 208, 212 (Ala.Crim.App. 1986) (citations omitted). To establish a right to a new trial based on newly discovered evidence, the petitioner must show the following: (1) that the evidence will probably change the result if a new trial is granted; (2) that the evidence has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. See Clements v.State, 521 So.2d 1378, 1381 (Ala.Crim.App. 1988); Smithermanv. State, 521 So.2d 1050, 1055 (Ala.Crim.App. 1987), cert.denied, 521 So.2d 1062 (Ala. 1988); Isom, 497 So.2d 208, 212
(Ala.Crim.App. 1986); Griffin v. State, 500 So.2d 83, 91
(Ala.Crim.App. 1986); Baker v. State, 477 So.2d 496, 504
(Ala.Crim.App. 1985), cert. denied, 475 U.S. 1029, 106 S.Ct. 1231,89 L.Ed.2d 340 (1986); Simas v. State, 432 So.2d 30, 31
(Ala.Crim.App. 1983); and Bland v. State, 390 So.2d 1098, 1102
(Ala.Crim.App. 1980), cert. denied, 390 So.2d 1109 (Ala. 1980). While all five requirements ordinarily must be met, the law has recognized that in certain exceptional circumstances, even if the newly discovered evidence is cumulative or impeaching, if it appears probable from looking at the entire case that the new evidence would change the result, then a new trial should be granted. See Maund v. State, 254 Ala. 452, 462,48 So.2d 553, 562 (1950); Slaughter v. State, 237 Ala. 26, 27,185 So. 373, 373 (1938); Jones v. State, 469 So.2d 713, 715
(Ala.Crim.App. 1985); and Story v. State, 439 So.2d 1317, 1322
(Ala.Crim.App. 1983). *Page 934 
This Court in Slaughter v. State, 237 Ala. 26, 185 So. 373
(1938), recognized the exception as follows:
 "The authorities generally recognize the rule that ordinarily such impeaching or contradicting testimony does not suffice for a new trial, though there are exceptional instances where such proffered proof may justify a reconsideration of the cause."
Id., 237 Ala. at 27, 185 So. at 373 (emphasis added). Those exceptional circumstances subsequently were defined by this Court in Maund v. State, 254 Ala. 452, 48 So.2d 553 (1950).
 "[T]he overruling of a motion for a new trial based upon newly discovered evidence tending only to discredit the State's witnesses is not error unless upon the whole case it appears probable that the new evidence would change the result."
Id., 254 Ala. at 462, 48 So.2d at 562 (citations omitted) (emphasis added).
We recognize the existence of recent caselaw that seems to reject the exception for newly discovered cumulative or impeaching evidence that would probably change the result of a trial. See, e.g., Isom v. State, 497 So.2d 208
(Ala.Crim.App. 1986); Baker v. State, 477 So.2d 496 (Ala.Crim.App. 1985); and Bland v. State, 390 So.2d 1098 (Ala.Crim.App. 1980). Those cases seem to hold that cumulative or impeaching evidence will never establish a right to a new trial. However, it is evident that in each of those cases, the newly discovered evidence, when viewed in light of the other evidence presented at trial, most likely would not have changed the result. Therefore, a new trial under those circumstances would be unjustified. However, those cases should not be taken as precluding a new trial on the basis of newly discovered evidence simply because the new evidence is cumulative or impeaching, if that evidence would probably change the result if a new trial were granted.
The law further requires that the newly discovered evidence "have been in existence, though not known, at the time of the original trial." Smitherman v. State, 521 So.2d 1050, 1055
(Ala.Crim.App. 1987), cert. denied, 521 So.2d 1062 (Ala. 1988) (emphasis in original). In addition, the trial court will not be put in error for refusing to grant a new trial when the newly discovered evidence would not be admissible upon a retrial of the case. Id. The record reveals that the newly discovered evidence in this case was in existence, though not known, at the time of the original trial. However, it does not appear that the evidence would be admissible upon a retrial of the case.
At the hearing on the defendant's motion for a new trial, the defendant presented evidence that during his preliminary hearing he asked a deputy of the Baldwin County sheriff's department if the department had conducted an investigation of Officer Janowski concerning allegations of Janowski's using or distributing controlled substances. The deputy denied any such investigation. However, during a subsequent, unrelated trial, the same deputy testified that he had in fact conducted an investigation of Janowski concerning those very allegations. Also, during the subsequent trial, another witness testified that during the time Janowski worked undercover for the Baldwin County sheriff's department, Janowski had furnished him cocaine and that they had used cocaine together.
The defendant admits that this evidence could be used only to impeach the credibility of Janowski's testimony. Therefore, we turn to the rules governing the admissibility of impeachment evidence.
 " 'A witness may not be impeached by another's testimony as to specific bad acts of the witness which have no relevancy except as tending to show the witness's bad character. . . .
". . . .
 " 'A witness may not be cross-examined for impeachment as to specific acts of misconduct by him which have no relevancy except as tending to show that he is a person of bad character as a whole or with respect to truth and veracity.' " *Page 935 
Smitherman v. State, 521 So.2d 1050, 1056 (Ala.Crim.App. 1987) (quoting C. Gamble, McElroy's Alabama Evidence § 140.01(9) at 293 and § 140.01(10) at 293) (emphasis added). In light of these rules, we fail to see how the newly discovered evidence concerning Officer Janowski's alleged personal involvement with controlled substances would be admissible, and the defendant has failed to show us otherwise. Although newly discovered impeachment evidence can justify the grant of a new trial if it meets the requirements set forth in Clements, 521 So.2d 1378
(Ala.Crim.App. 1988), and the other cases cited herein, we need not address those requirements when, as here, the evidence would not be admissible if the case were retried.
Even so, we do note that even if the newly discovered evidence in this case were admissible, we do not believe that it would probably change the result if a new trial were granted. It should be remembered that in the present case the defendant pleaded guilty to the charge and thus had no trial. This Court in Russell v. State, 428 So.2d 131, 134 (Ala. 1982), explained the procedure as follows:
 "It has long been the law in Alabama that upon entering a plea of guilty, a defendant waives his right to trial and confesses against himself. Hall v. State, 45 Ala. App. 252, 228 So.2d 863
(1969). If voluntarily and understandingly made, a plea of guilty is conclusive as to the defendant's guilt. Knowles v. State, 280 Ala. 406, 194 So.2d 562, cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967); Camp v. State, 359 So.2d 1187
(Ala.Crim.App. 1978).
 "When a guilty plea is accepted and entered by the court, it 'is a conviction of the highest order, and is an admission, of record, of the truth of whatever is sufficiently charged in the indictment.' . . . Such a plea serves as a stipulation that no proof need be advanced by the prosecution, except as specifically required by statute, and supplies both evidence and verdict. [Citations omitted.]
 "The United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), held that a guilty plea 'is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment.' "
Id. In the present case, no evidence was put forth by the state to convict the defendant. By virtue of his plea of guilty, the defendant convicted himself. Whether knowledge of the new impeachment evidence would have prevented the defendant from entering a plea of guilty and, likewise, would probably have changed the result of the judgment entered against him, is a question the trial court answered "no." We cannot say that this determination is manifestly erroneous.
Accordingly, we hold that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his plea of guilty and for a new trial. We hereby affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
MADDOX, ALMON, ADAMS, STEAGALL and KENNEDY, JJ., concur.