McMILLAN, Judge.
This is an appeal from the denial of appellant’s Rule 32, A.r.Cr.P., petition attacking his conviction for rape in the first degree; § 13A-6-61, Code of Alabama 1975. See Moran v. State, 557 So.2d 1326 (Ala.Cr.App.1989).
I
The appellant contends that the trial court erred in denying his petition because, he says, the prosecutor failed to file a timely response in compliance with Rule 32.7(a), A.R.Cr.P. He contends that because the State did not file an answer to his petition, which was filed on February 18, 1992, until April 7, 1992, the allegations of his petition must be taken as true.
Rule 32.7, A.R.Cr.P., provides, in pertinent part:
“Within thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney (or, in the case of a petition filed in the municipal court, the municipal prosecutor) shall file with the court and send to the petitioner or counsel for the petitioner, if any, a response, which may be supported by affidavits and a certified record or such portions thereof as are issues raised in the petition....”
In Young v. State, 600 So.2d 1073 (Ala.Cr.App.1992), this court held that the harmless error standard can be applied to the prosecutor’s failure to respond in compliance with Rule 32.7(a). Accordingly, we conclude that the prosecutor’s failure to file a timely answer in this case was harmless.
The record reveals that an evidentiary hearing was held on August 12,1992, approximately five months after the prosecutor filed a motion to dismiss. At the hearing on that motion, the petitioner was allowed to present evidence in opposition to the State’s motion to dismiss. Because the petitioner was given ample notice to. formulate arguments and to present evidence to disprove the existence of any ground of preclusion, his argument must fail. See Rule 32.3, A.R.Cr.P. Therefore, any error that occurred as a result of the prosecutor’s neglect was harmless. Rule 45, A.R.App.P; Young v. State, supra.
II
The appellant contends that the trial court erred in failing to vacate his sentence as a result of newly discovered evidence that was not discovered until two years after his appeal had been decided. Specifically, he argues “that if a jury were to hear this new evidence, it would most probably find him not guilty.”
A brief recitation of the alleged newly discovered evidence presented at the evidentia-ry hearing is as follows: Tom Moran, the appellant’s brother and the victim’s ex-husband, testified that since the time of the appellant’s trial, he had been “saved” and needed to reveal that some of his trial testimony had been false. Tom Moran stated that he had testified falsely when he stated that the appellant was the aggressor in a fight between the two of them on the night of the incident. Additionally, he had previously testified that the appellant’s relationship with his wife was “just cordial or something to that affect.” Moran testified that at the time of appellant’s trial, he could not face the possibility that his wife had engaged in consensual sex with the appellant. On cross-examination, Moran admitted that the vie- *1294 tim’s face was badly bruised the morning after the incident.
The victim testified that prior to their divorce, her husband told her that the appellant had admitted that he had committed the rape.
The trial court, in its order denying the petition, stated that “the evidence offered, even if believed, merely amounted to impeachment evidence. If [these] new facts had been known at the time of trial or sentencing, the result would not have been different. This evidence does not establish that the petitioner is innocent.”
In Marks v. State, 575 So.2d 611, 616 (Ala.Cr.App.1990), this Court stated:
“To establish a right to a new trial based on newly discovered evidence, the movant must show the following: (1) that the evidence will probably change the result if a new trial is granted; (2) that the evidence has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. Ex parte Heaton, 542 So.2d 931 (Ala.1989). ‘While all five requirements ordinarily must be met, the law has recognized that in certain exceptional circumstances, even if the newly discovered evidence is cumulative or impeaching, if it appears probable from looking at the entire case that the new evidence would change the result, then a new trial should be granted.’ Ex parte Heaton, 542 So.2d at 933.
“ ‘ “The appellate courts look with disfavor on motions for new trials based on newly discovered evidence and the decision of the trial court will not be disturbed absent abuse of discretion.” Further, “this court will indulge every presumption in favor of the correctness” of the trial judge’s decision. The trial court is in the best position to determine the credibility of the new evidence.’
“Ex parte Heaton, 542 So.2d at 933 (quoting from Isom v. State, 497 So.2d 208, 212 (Ala.Cr.App.1986)).
“Although a new trial must be granted on grounds of newly discovered evidence which tends to prove that the crime for which the accused has been convicted was actually committed by another, whether to award a new trial rests in the sound discretion of the trial court and depends largely on the credibility of the new evidence. Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala.1980); Pennington v. State, 420 So.2d 845 (Ala.Cr.App.1982).”
Because no abuse of discretion by the trial court occurred, its decision as to this matter was proper.
Ill
The appellant contends that he received ineffective assistance of trial counsel because, he says, his attorney refused to allow him to testify and to face his accusers.
Our examination of the record reveals that the trial judge, in his order, failed to make specific findings of fact as to this allegation of ineffective assistance of counsel. See Rule 32.9(d), A.R.Cr.P. See also Smith v. State, 598 So.2d 1009 (Ala.Cr.App.1991); Hellums v. State, 597 So.2d 245 (Ala.Cr.App.1992).
Therefore, this cause is remanded to the trial court with instructions that the court comply with the provisions of Rule 32.9(d) within 60 days of the release of this opinion.
AFFIRMED IN PART; REMANDED IN PART WITH INSTRUCTIONS.
All Judges concur.