John Douglas Doty, the appellant, pleaded guilty to and was convicted of murder. He was sentenced to 25 years' imprisonment. On this direct appeal from that conviction he argues that the trial judge abused his discretion in refusing to allow the appellant to withdraw his guilty plea. The appellant argues that "because he could not recall the actual events leading to the victim's death, he did not enter his guilty plea intelligently and knowingly." Appellant's brief at 8-9. The appellant asserts that because of his allegedly extremely intoxicated condition at the time of the shooting, he was able to recall what had actually happened only after he had entered his plea of guilty but before sentencing.
"The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of discretion." Ex parte Heaton, 542 So.2d 931, 933 (Ala. 1989).
The homicide occurred on July 30, 1992. The appellant entered his plea of guilty on June 14, 1993. During the course of the guilty plea colloquy, the trial court determined that there existed a factual basis for the plea.
"THE COURT: What are the facts?
 "MR. RUSSELL [assistant district attorney]: Your Honor, on July the 30th of last year, 1992, at approximately 9 p.m., at 3033-A Panorama East here in Birmingham, Jefferson County, Alabama, Sue Doty, the wife of Mr. Doty, the defendant, was living with her brother, Robert Gary Holloway, at that address. At that time Mr. Doty and Mrs. Doty [were] separated.
 "Mr. Doty arrived at that apartment that night while Mrs. Doty and Mr. Robert Gary Holloway, her brother, were sitting on the patio. Mr. Doty walked up to the patio, and Mr. Holloway said words or words to this effect, 'You know you're not supposed to be here.' And at that time Mr. Holloway got up to walk into his apartment. As he reached the door, Mr. Doty raised a pistol in his left hand and shot Mr. Holloway in the back of the head on the right rear portion, causing his death.
 "THE COURT: All right. Causing his death, okay. All right. The Court finds there is a factual basis for this plea. Mr. Doty, are you pleading voluntarily?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Are you pleading guilty because you in fact committed this offense?
"THE DEFENDANT: It appears that way.
 "THE COURT: Well, in other words, is the answer yes; is that what you're saying?
"THE DEFENDANT: Yes, sir." R. 7-9.
Sentencing was on September 10, 1993. On September 7, the appellant filed a motion to withdraw his guilty plea based on the following ground:
 "It was only after the guilty plea was entered . . . that the Defendant recalled a significant detail in the events of the alleged offense that alter the preparation of his case. Specifically, the Defendant recalls that when the victim attempted to open the screen door to the apartment, the screen door came off its track falling forward toward both the victim's sister and the Defendant. Defendant further recalls that at the time the screen door fell, he had his gun drawn which unfortunately discharged when the Defendant shielded himself from the falling screen." C.R. 36.
"There are circumstances in which newly discovered evidence can serve as a valid ground for invalidating a guilty plea after sentencing and for receiving a new trial."Heaton, 542 So.2d at 933. Although the trial judge did not give a reason for denying the appellant's motion to withdraw, "[o]ne condition of the trial court's granting a new trial on the basis of newly discovered evidence is that the court must believe the evidence presented at the hearing." McDonald v.State, 451 So.2d 440, 442 (Ala.Cr.App. 1984). See *Page 43 
also Johnson v. State, 564 So.2d 1019, 1022 (Ala.Cr.App. 1989);Hope v. State, 521 So.2d 1383, 1387 (Ala.Cr.App. 1988);Clements v. State, 521 So.2d 1378, 1381-82 (Ala.Cr.App. 1988).
 "The granting of a new trial on the ground of newly discovered evidence rests in the discretion of the trial court and depends largely on the credibility of the new evidence. Snider v. State, 473 So.2d 579 (Ala.Cr.App. 1985); Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980). The trial court is the factfinder in a hearing on a motion for a new trial, and a condition to the granting of a new trial on the basis of newly discovered evidence is that the trial court must believe the evidence presented. McDonald v. State, 451 So.2d 440
(Ala.Cr.App. 1984)."
McMillian v. State, 594 So.2d 1253, 1264 (Ala.Cr.App. 1991), remanded as to result, 594 So.2d 1288 (Ala. 1992).
 "The standard of review for cases involving the grant or denial of a new trial based on newly discovered evidence is the same as that for a motion to withdraw a guilty plea.
 ' "The appellate courts look with disfavor on motions for new trials based on newly discovered evidence and the decision of the trial court will not be disturbed absent abuse of discretion." Further, "this court will indulge every presumption in favor of the correctness" of the trial judge's decision. The trial court is in the best position to determine the credibility of the new evidence.'
 "Isom v. State, 497 So.2d 208, 212 (Ala.Cr.App. 1986) (citations omitted)."
Heaton, 542 So.2d at 933.
The fact that the appellant regained his memory of the specific events surrounding the homicide only after his guilty plea had been accepted does not qualify as "newly discovered evidence." In Lewis v. State, 367 So.2d 542, 546
(Ala.Cr.App. 1978), cert. denied, 367 So.2d 547 (Ala. 1979), this Court stated:
 "The fact that appellant could not remember the last name of a potential witness was not the fault of the prosecution nor of appellant's attorney. When appellant did remember the name of witness DeBardeleben, this was not newly discovered evidence, but rather newly disclosed evidence. A petition for writ of error coram nobis is not intended to relieve a party of his own negligence. Thornburg v. State, 42 Ala. App. 70, 152 So.2d 442 (1963)." (Emphasis in original.)
This Court reached a similar conclusion in Watkins v. State,601 So.2d 187, 190 (Ala.Cr.App. 1992):
 "The appellant states that after the trial he recalled the name of an alibi witness and sought a new trial. He now argues that her testimony was newly discovered alibi evidence.
 "This is not newly discovered evidence, but, rather, newly disclosed evidence; a new trial is not warranted. Lewis v. State, 367 So.2d 542
(Ala.Cr.App. 1978), writ denied, 367 So.2d 547
(Ala. 1979); 66 C.J.S. New Trial § 101 (1950). The circuit court did not err in denying the motion."
There is nothing in the record to indicate that the trial court abused its discretion in denying the appellant's motion to withdraw his guilty plea. The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.