I concur with the main opinion's reversal of Banks's manslaughter conviction and its remanding this case for trial. However, I write specially to note that I do not agree with the main opinion's conclusion that nothing in Rule 14.4 or in the Committee Comments to that rule indicates that the "manifest-injustice" standard set forth in Rule 14.4(e), Ala.R.Crim.P., superseded the five-part analysis set out in Exparte Heaton, 542 So.2d 931 (Ala. 1989). I believe that Judge Baschab's dissent correctly states that "the Alabama Supreme Court effectively overruled Ex parte Heaton when it adopted Rule 14.4(e), Ala.R.Crim.P." 845 So.2d at 31.
The main opinion implies that the "manifest-injustice" standard is too subjective, and it attempts to supply trial courts with a general framework for applying the *Page 31 
manifest-injustice standard that renders the process less subjective. In my opinion, however, the attempt is unsuccessful. Rather than making the manifest-injustice determination less subjective, the main opinion makes it more subjective, by stating that a trial court may consider all of the factors set out in Ex parte Heaton or it may consider only some of those factors. Moreover, the main opinion states that the trial court may consider factors other than those set out in Ex parte Heaton; however, it neglects to specify what these "other" factors may be. I fear that the main opinion's attempt to provide a general framework will only further confuse the trial courts.
Unlike Judge Baschab, I do not believe that it is necessary to remand this case for the trial court to enter an order applying the correct standard of review and setting forth its reasons for denying Banks's motion to withdraw his guilty plea. Nor do I believe that the Alabama Supreme Court's decision in Edgar v. State, 646 So.2d 683, 686 (Ala. 1994), supports a remand of this case for such findings. Edgar is distinguishable from this case in that in Edgar the trial court allowed the motion for a new trial to be denied by operation of law without making any findings, timely or otherwise. Here, the record contains the trial court's reasons — albeit untimely — for denying Banks's motion to withdraw his plea. Although the court's untimely order is of no force and effect, it is logical for this Court to conclude that on remand the trial court is likely to make the same findings as it did originally. Thus, I see no reason to burden an already overburdened circuit court judge with what amounts to a meaningless act. To do so places form over substance. Accordingly in the interest of judicial economy, I do not believe that a remand is necessary for the entry of additional findings.
In my opinion, the facts of this case present a classic example of a manifest injustice. Banks pleaded guilty to an offense that may not even have occurred. For these reasons, therefore, I believe that reversal of Banks's conviction is warranted, without further delay.