JOINER, Judge,
concurring specially.
I concur with the main opinion. I write specially to clarify my basis for doing so as to Part VI.B.
In footnote 10, the main opinion states:
“In his response to the State’s motion to dismiss, [Calvin L.] Stallworth identified a juror he believed would not consider a sentence of life in prison without the possibility of parole. (C. 225.) This Court has repeatedly explained that [1] “ ‘Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.’ ” ’ Davis v. State, 44 So.3d 1118, 1124 (Ala.Crim.App.2009) (quoting Boyd v. State, 913 So.2d 1113, 1125 (Ala.Crim.App.2003), quoting in turn Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999) (emphasis added)).”
171 So.3d 53, 83 n. 10. I do not read this footnote as suggesting that the circuit court, in summarily dismissing Calvin L. Stallworth’s claim that counsel was ineffective for not attempting to determine the prospective jurors’ views on the death penalty, could have focused solely on the allegations in the petition and ignored the additional facts regarding this claim that Stallworth alleged in his reply to the State’s answer to his petition. Even with the additional allegations made in his reply, however, I agree with the main opinion’s conclusion that the claim was not sufficiently pleaded.

On Return to Remand

WINDOM, Presiding Judge.
Calvin L. Stallworth, currently an inmate on Alabama’s death row at Holman Correctional Facility, appeals the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he challenged his two capital-murder convictions and sentences of death.
The procedural history and facts of Stallworth’s crime were detailed in this Court’s opinion issued on November 8, 2013, and will not be repeated. Stallworth v. State, 171 So.3d 53, 60-62 (Ala.Crim. App.2013). This Court affirmed the circuit court’s disposal of all but three of the claims raised in Stallworth’s second amended Rule 32 petition. Id. This Court held, however, that the circuit court had erred by failing to address the following three claims that were the subject of the Rule 32 evidentiary hearing: (1) that counsel was ineffective for failing to have the blood smear on the inside of Stall-worth’s jacket tested for the presence of disodium salt of ethylenediamine tetraacetic acid (EDTA);[1] (2) that counsel was ineffective for failing to employ and present the testimony of a DNA expert; and (3) that counsel was ineffective for failing to secure and present the testimony of a blood-spatter expert. Stallworth, 171 So.3d at 64. Accordingly, this Court remanded the cause with instructions for the circuit court to address those claims.
On December 10, 2013, the circuit court issued an order in which it made specific findings of fact concerning the three claims of ineffective assistance of counsel. The *91 circuit court noted that, during the eviden-tiary hearing, Stallworth called only one of the three attorneys that represented him at trial and “did not ask his trial counsel any questions related to the [ineffective-assistance-of-counsel] claims.” (C. on Return to Remand 103.) Further, Stallworth “successfully objected to the State asking one of Stallworth’s trial counsel, Wayne Doerr, questions regarding Stallworth’s [ineffective-assistance-of-eounsel] claims on cross-examination during Stallworth’s case.” Id. After Stallworth rested, the State recalled Doerr to testify. During the State’s case, Stallworth again failed to question counsel regarding counsel’s decisions related to his ineffective-assistance-of-counsel claims. The circuit court denied the claims, finding that Stallworth had effectively abandoned them or, alternatively, that he had failed to prove them by a preponderance of the evidence.
Initially, this Court notes that the three claims this Court ordered the circuit court to address on remand were claims on which the circuit court held an evidentiary hearing. According to Rule 32.3, Ala. R.Crim. P., Stallworth has the sole burden of proving that he is entitled to relief on those claims. Rule 32.3, Ala. R.Crim. P., provides:
“The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.”
“The standard of review on appeal in a postconviction proceeding [after an eviden-tiary hearing] is whether the trial judge abused his discretion when he denied the petition.” Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992) (citing Ex parte Heaton, 542 So.2d 931 (Ala.1989)). ‘“A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.’ ” Hodges v. State, 926 So.2d 1060, 1072 (Ala.Crim.App.2005) (quoting State v. Jude, 686 So.2d 528, 530 (Ala.Crim.App.1996) (internal citations omitted)). “[W]hen[, however,] the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).
In its supplemental order, the circuit court denied each of Stallworth’s three claims of ineffective assistance of counsel because Stallworth failed to meet his burden to establish that he was entitled to relief.[2] See Rule 32.3, Ala. R.Crim. P. Specifically, the circuit court found that Stallworth failed to meet his burden because he failed to present any testimony from trial counsel relating to these claims. This Court agrees.
To prevail on his claims of ineffective assistance of counsel, Stallworth must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must present evidence establishing the specific acts or omissions that he alleges were not the result of reasonable professional judgment on counsel’s part and prove that these acts or omissions fall “outside the wide range of professionally competent assistance.” Id. at 690. If he meets this burden, he must then show that “there is a reasonable probability that, but for counsel’s unprofessional errors, the re- *92 suit of the proceeding would have been different.” Id. at 694. “A reasonáble probability is a probability sufficient to undermine confidence in the outcome.” Id. “The likelihood of a different result must be substantial, not just conceivable.” Harrington v. Richter, 562 U.S. 86, 112, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011) (citing Strickland, 466 U.S. at 693.
Further, the Supreme Court of the United States has explained:
“Judicial scrutiny of counsel’s performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel’s assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel’s defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ See Michel v. Louisiana, [350 U.S. 91, 101 (1955) ]. There are countless ways to provide effective assistance in any given ease. Even the best criminal defense attorneys would not defend a particular client in the same way.”
Strickland, 466 U.S. at 689.. “Strickland specifically commands that a court ‘must indulge [the] strong presumption’ that counsel ‘made all significant decisions in the exercise of reasonable professional judgment.’ ” Cullen v. Pinholster, 563 U.S. 170, -, 131 S.Ct. 1388, 1407, 179 L.Ed.2d 557 (2011) (quoting Strickland, 466 U.S. at 689-690). Courts are “required not simply to give the attorneys the benefit of the doubt, but to affirmatively entertain the range of possible reasons ... counsel may have had for proceeding as they did.” Cullen, 563 U.S. at-, 131 S.Ct. at 1407 (internal citations and quotations omitted).
Further, the presumption that counsel performed effectively “ ‘is like the “presumption of innocence” in a criminal trial,’ ” and the petitioner bears the burden of disproving that presumption. Hunt v. State, 940 So.2d 1041, 1059 (Ala.Crim.App.2005) (quoting Chandler v. United States, 218 F.3d 1305, 1314 n. 15 (11th Cir.2000) (en banc)). “Never does the government acquire the burden to show competence, even when some evidence to the contrary might be offered by the petitioner.” Id. “ ‘ “An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption [of effective representation]. Therefore, ‘where the record is incomplete or unclear about [counsel]’s actions, [a court] will presume that he did what he should have done, and that he exercised reasonable professional judgment.’ ” ’ ” Hunt, 940 So.2d at 1070-71 (quoting Grayson v. Thompson, 257 F.3d 1194, 1218 (11th Cir.2001), quoting in turn Chandler, 218 F.3d at 1314 n. 15, quoting in turn Williams v. Head, 185 F.3d 1223, 1228 (11th Cir.1999)). Thus, to overcome the strong presumption of effectiveness, a Rule 32 petitioner must, at his evidentiary hearing, question trial counsel regarding his or her actions and reasoning. See, e.g., *93 Broadnax v. State, 130 So.3d 1232, 1255-56 (Ala.Crim.App.2013) (recognizing that “[i]t is extremely difficult, if not impossible, to prove a claim of ineffective assistance of counsel without questioning counsel about the specific claim, especially when the claim is .based on specific actions, or inactions, of counsel that occurred outside the record[, and holding that] circuit court correctly found that Broadnax, by failing to question his attorneys about this specific claim, failed to overcome the presumption that counsel acted reasonably”); Whitson v. State, 109 So.3d 665, 676 (Ala.Crim.App.2012) (holding that a petitioner failed to meet his burden of overcoming the presumption that counsel were effective because the petitioner failed to question appellate counsel regarding their reasoning); Brooks v. State, 929 So.2d 491, 497 (Ala.Crim.App.2005) (holding that a petitioner failed to meet his burden of overcoming the presumption that counsel were effective because the petitioner failed to question trial counsel regarding their reasoning); McGahee v. State, 885 So.2d 191, 221-22 (Ala.Crim.App.2003) (“[Counsel at the Rule 32 hearing did not ask trial counsel any questions about his reasons for not calling the additional witnesses to testify. Because he has failed to present any evidence about counsel’s decisions, we view trial counsel’s actions as strategic decisions, which are virtually unassailable.”); Williams v. Head, 185 F.3d at 1228; Adams v. Wainwright, 709 F.2d 1443, 1445-46 (11th Cir.1983) (“[The petitioner] did not call trial counsel to testify ... [; therefore,] there is no basis in this record for finding that counsel did not sufficiently investigate [the petitioner’s] background.”); Callahan v. Campbell, 427 F.3d 897, 933 (11th Cir.2005) (“Because [trial counsel] passed away before the Rule 32 hearing, we have no evidence of what he did to prepare for the penalty phase of [the petitioner’s] trial. In a situation like this, we will presume the attorney ‘did what he should have done, and that he exercised reasonable professional judgment.’ ”).
Here, Stallworth failed to overcome the presumption that trial counsel performed effectively. At trial, three attorneys — Wayne Doerr, Deidre Lee, and Greg Dawkins — represented Stallworth.[3] During the Rule 32 hearing, Stallworth called only Doerr to testify. Stallworth asked no questions related to trial counsel’s strategic decisions regarding the services of EDTA, DNA, or blood-splatter experts. In fact, Stallworth failed to elicit any evidence relating to trial counsel’s reasoning and strategies at trial. Further, Stallworth failed to present any testimony indicating that trial counsel failed to hire a DNA or blood-spatter expert. On the other hand, the State presented testimony from Doerr establishing that trial counsel had hired — and had paid for with their own money — both a DNA expert and a crime-scene expert.
Because Stallworth failed to present any evidence regarding counsel’s reasoning relating to experts, the circuit court correctly found that he failed to meet his burden to overcome the presumption that counsel acted reasonably and effectively.[4] Broadnax, 130 So.3d at 1255-56; Whitson, 109 So.3d at 676. Therefore, this Court cannot *94 say that the circuit court abused its discretion by denying relief.
For the foregoing reasons, the circuit court’s judgment is affirmed.
AFFIRMED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. As explained in this Court’s earlier opinion, " 'EDTA is the disodium salt of ethylenedia-mine tetraacetic acid. EDTA, a multi-pur-pose excipient, is widely known as a chelating agent.' " Stallworth, 171 So.3d at 64 n. 3 (quoting Senju Pharmaceutical Co. v. Apotex Inc., 836 F.Supp.2d 196, 200 (D.Del.2011)).

. Stallworth did not file a brief on return to remand.

. Another attorney represented Stallworth for the limited purpose of questioning a DNA expert at a pretrial hearing.

. This Court notes that Stallworth failed to present evidence that would establish that trial counsel did not utilize each of the experts he claims should have been hired. Although he submitted affidavits from counsel indicating that they did not remember whether such experts were hired, nothing shows that such experts were, in fact, not hired.