Appellant was indicted by the grand jury of Blount County for murder in the first degree in January of 1979. Appellant received a trial by jury, a guilty verdict was returned for manslaughter in the first degree, and he was sentenced to ten years imprisonment in the penitentiary. The trial judge charged the jury on the four degrees of homicide.
The evidence shows that the deceased, Dallas Reeves, and an acquaintance, Joe Walker, had been drinking heavily on the morning of Sunday, June 18, 1978. After consuming a bottle of wine they went to the Dogwood Inn in Oneonta, Alabama, where they drank whiskey. Appellant came by the Inn and was approached by the two men who asked that he drive them to a bootlegger in St. Clair County, Alabama, to buy some more whiskey. The deceased bought the whiskey and the three men drank most of it while riding around in appellant's pickup truck. What happened on the way back, which led to Dallas Reeves' death, is in dispute. *Page 302 
Joe Walker testified that he was very intoxicated on that day. He testified that all he could remember was that he came to after passing out and saw appellant with his foot on the deceased's stomach. He stated that, upon seeing this, he told appellant to "leave him alone, you are going to kill him." Joe Walker also testified that appellant fought with him at the time.
Joe Walker testified that his memory was vague as to the incident. Deputy Sheriff McLain testified that Joe Walker told him shortly after the incident that he did not remember anything. He further testified that, when he talked to Joe Walker, Joe Walker's face was bruised or cut.
Deputy Sheriff Robert Walker testified that appellant came to the radio room at the Sheriff's Office on Sunday morning, June 18, 1978, and told him that he wanted the deputy to get "two drunk S.O.B.'s" out of his truck. Deputy Robert Walker stated that appellant told him that he had beat them up, but they still would not get out of his truck. Appellant denied ever stating this.
Deputy Robert Walker stated that, when he went to the truck in the parking lot, he found Dallas Reeves unconscious without a pulse. He then summoned the coroner. He further testified that appellant admitted beating up the deceased at that time. Appellant denied making any kind of admission. Deputy Walker further testified that there was blood on appellant's shirt and pants, but not on his hands. On cross-examination Deputy Walker admitted not putting appellant's admission of hitting the deceased in his report because it was a "hurry up report." He also testified that appellant denied hitting the deceased in a statement he made at the courthouse an hour later.
Appellant testified that he was driving the deceased and Joe Walker when something went wrong with the carburetor on the truck. He stated that he stopped the truck and got out to fix it when Joe Walker and the deceased got into a fight. He said he assisted both men back into the truck and drove off. Once he reached Oneonta, he went to the Sheriff's Office because the two men would not get out of the truck. Appellant denied hitting the deceased or telling Deputy Walker he hit him.
Appellant had a scratch on his hand. He testified that this was done earlier that week while working on his car. Appellant's employer, Mr. Joe Marsh, testified that he saw appellant cut his hand while working on his truck.
At the trial the Coroner of Blount County was asked to testify as to the cause of death of Dallas Reeves. Appellant's counsel objected and the objection was sustained. The prosecutor then sought to establish a predicate by questioning the coroner on his education and background. The coroner testified that he had a degree in Mortuary Science from the University of Kentucky and had thirty-five years experience as an embalmer. He testified that he had examined many bodies and had signed many death certificates during his thirty-five years of experience. Following this predicate the prosecutor began to question the coroner as to the cause of death of Dallas Reeves.
The prosecutor asked the coroner what was listed on the death certificate as the cause of death. Appellant's counsel objected on the grounds that the best evidence would be the certificate. The prosecutor then re-phrased the question and asked:
 "Q. Do you have a judgment or opinion as to the cause of death of Dallas Reeves?
"A. Yes, sir, I do.
"Q. What is it?
"MR. CHURCH: Your Honor, I renew my objection.
 "THE COURT: You make the same objection you previously made?
"MR. CHURCH: Yes, Your Honor.
"THE COURT: Overruled.
"Q. The judge says you may answer.
 "A. In my opinion, the cause of death of Dallas Reeves was shock and due to internal hemorrhage from multiple traumatic blows to the mid-abdomen."
Appellant claims the trial court committed an error by overruling his objection *Page 303 
because the coroner was not qualified to answer the question.
By appellant's counsel's renewal of the objection, he made a specific objection on the basis that the answer violated the best evidence rule. A specific ground of objection waived all other grounds. Ward v. State, Ala.Cr.App., 376 So.2d 1112, cert. denied, 376 So.2d 1117 (Ala. 1979); Johnson v. State, Ala.Cr.App., 365 So.2d 123; Waters v. State, Ala.Cr.App.,360 So.2d 358, cert. denied, 360 So.2d 367 (Ala. 1978); Whiddon v.State, 53 Ala. App. 280, 299 So.2d 326 (1973). See Alabama Digest, Criminal Law, § 695 (5). An accused who objects to a question is bound by the grounds asserted to the trial court for that objection. Roynica v. State, 54 Ala. App. 436,309 So.2d 475 (1974), cert. denied, 293 Ala. 772, 309 So.2d 485
(1974), cert. denied, 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 85
(1974). Therefore, appellant is precluded from arguing on appeal that the coroner was not qualified as an expert to answer the question. Appellant's objection was properly overruled.
On cross-examination the counsel for appellant brought out that the coroner based his opinion on an external view of the deceased's body and the State Toxicologist's report. Appellant moved to exclude the coroner's testimony on the grounds that it was based on hearsay evidence. The trial court reserved ruling on the motion because the testimony was already in evidence. Appellant took exception to the ruling. If, on cross-examination, it is discovered that a witness based his decision on hearsay evidence, then the proper remedy is a motion to exclude that testimony. Bufkins v. State, 20 Ala. App. 457,103 So. 902.
The coroner stated that he based his decision on an observation of the external portion of the body and the autopsy report from the State Toxicologist. In the case of Swanson v.State, Ala.Cr.App., 346 So.2d 1166, the Court of Criminal Appeals upheld the trial court's ruling that a coroner of eight years experience, who had the opportunity to observe hundreds of people who had died of natural and unnatural causes, was sufficiently qualified as an expert to give his opinion as to the cause of death in that case. The court stated:
 "This Court on appeal will not disturb the trial judges' findings of expert qualifications vel non unless there is a clear abuse of this discretion. King v. State, 266 Ala. 232, 95 So.2d 816.
 "Whether a witness can acquire sufficient expert knowledge within a given field of endeavor, not ordinarily ventured into by a layman, depends upon an individual's training and experience. This subject is fully covered in this Court's opinion in Cobb v. State, 50 Ala. App. 707, 282 So.2d 327, and authorities therein cited.
 "We are of the opinion that the trial court properly permitted Coroner Phillips to give his opinion as to the cause of death in the instant case."
In the case at bar the coroner had thirty-five years experience viewing and embalming bodies that died of natural and unnatural causes. He has a degree in Mortuary Science from the University of Kentucky and has had numerous courses in anatomy. The coroner, Thomas Vaughn, was, as the trial court properly ruled, qualified to give his opinion as to the cause of death of Dallas Reeves.
As in the case of Swanson v. State, supra, it is not essential that the coroner perform the autopsy himself for his opinion as to the cause of death to be admissible. The fact that the coroner used the State Toxicology report in conjunction with his own personal observation does not render the testimony inadmissible and subject to the motion to exclude.
Appellant lastly contends that the trial court committed reversible error by failing to charge the jury on the burden of proof of guilt beyond a reasonable doubt following each and every charge of the court as to the elements and verdict form of murder in the first degree and the lesser included offenses including murder in the second degree, manslaughter in the first degree, and manslaughter in the second degree. At the close of the trial court's jury charge, appellant *Page 304 
timely excepted to the charge. The trial court acknowledged appellant's exception and proceeded to charge the jury on reasonable doubt as follows:
 "Ladies and gentlemen of the jury, at the request of the defendant, the Court will give you additional charges in writing. The Court considers these to be correct statements of law, and are to be considered by you in addition to, and with the Charge previously given by the Court, in its oral charge.
 "I charge you, Ladies and Gentlemen of the Jury, that the Defendant is presumed to be innocent until the evidence convinces the jury beyond all reasonable doubt that he is guilty; and if, upon a consideration of all the evidence, the jury have a reasonable doubt, growing out of all the evidence, you must acquit the defendant of murder in the second degree.
 "I charge you Ladies and Gentlemen of the Jury, that if any member of the Jury has a reasonable doubt of the guilt of the defendant growing out of any part of the testimony on a consideration of all the testimony, then the jury cannot find the Defendant guilty of murder in the first degree.
 "I charge you Ladies and Gentlemen of the Jury, that if there is a reasonable probability of Defendant's innocence, then this is just foundation for a reasonable doubt, and authorizes an acquittal.
 "I charge you Ladies and Gentlemen of the Jury, that the Defendant is presumed to be innocent until the evidence convinces the Jury beyond all reasonable doubt that he is guilty and if, upon a consideration of all the evidence, the jury have a reasonable doubt, growing out of all the evidence, you must acquit the defendant of murder in the first degree.
 "I charge you Ladies and Gentlemen of the Jury, that a `reasonable doubt' is defined to be a doubt for which a reason can be given."
Following the additional charges no exceptions were taken. Appellant now claims that the charge on reasonable doubt was insufficient because it was not given after each charge on the elements of the offense and each lesser included offense. When appellate courts review an exception to a portion of a trial court's jury charge, the decision of the question must be made upon the basis of a consideration of the charge in its entirety. McCovery v. State, Ala.Cr.App., 365 So.2d 358; VanAntwerp v. State, Ala.Cr.App., 358 So.2d 782; cert. denied, Ala., 358 So.2d 791; Johnson v. State, 33 Ala. App. 159,31 So.2d 667. See Alabama Digest, Criminal Law, § 622 (1).
In the court's original charge to the jury he fully charged on the law of reasonable doubt:
 "The burden of proof is on the State of Alabama in this case. A defendant is always presumed to be innocent, and the fact that he has been arrested and indicted and brought before the bar of justice does not create any presumption against him at all. He comes into court clothed with a presumption of innocence, and that presumption of innocence remains with him throughout the trial until is it overcome by evidence which proves his guilt to each of you beyond a reasonable doubt and to a moral certainty. The burden is on the State of Alabama to show from the evidence the guilt of the defendant of one of the offenses charged in the indictment beyond a reasonable doubt and to a moral certainty before you would be authorized to convict him.
 "When I say the State is under the burden of proving guilt beyond a reasonable doubt and to a moral certainty, that does not mean that the State must prove an alleged crime or offense beyond every imaginable or speculative doubt, or beyond all possibility of mistakes, because that would be impossible. But a reasonable doubt means an actual, substantial doubt arising out of the testimony or from a lack of testimony in the case. It is a doubt for which a reason can be assigned. The expression `to a moral certainty' means practically the same thing as beyond a reasonable doubt, because if you are convinced to the point where you no longer have a reasonable doubt, then you are convinced to a moral certainty." *Page 305 
Appellant filed a motion for a new trial. The motion was taken under advisement and subsequently overruled. The decision on a motion for a new trial rests largely within the sound discretion of the trial court and, in reviewing such decision, the Court of Criminal Appeals will indulge every presumption in favor of the correctness thereof. Ala.Dig. Crim. Law, § 911.
We have treated the major contentions of appellant that he is entitled to a reversal and hold such contentions are without merit. In addition we have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.