ON RETURN TO REMAND
Appellant James Ray McDonald was convicted of buying, receiving or concealing stolen property by a Jefferson County jury and was sentenced to 10 years' imprisonment in the penitentiary. He appealed and his conviction was affirmed inMcDonald v. State, 349 So.2d 100 (Ala.Crim.App.), cert. denied,349 So.2d 102 (Ala. 1977). Appellant McDonald then petitioned for a writ of error coram nobis, alleging as grounds for a new trial, newly discovered evidence. An evidentiary hearing on his coram nobis petition was held in 1982 and it was denied. The Court of Criminal Appeals issued an opinion affirming the trial court's action denying the petition, 347 So.2d 1337. McDonald's application for rehearing was denied in 1983 but his petition for writ of *Page 441 
certiorari was granted by the Alabama Supreme Court. The Supreme Court, 437 So.2d 1342, reversed the Court of Criminal Appeals and the trial court, and adopted the dissenting opinion of Judge Harris of this court as its opinion. The case was remanded to the trial court to hold a hearing to ascertain whether McDonald was entitled to a new trial. The hearing was held and the trial court determined that appellant was not entitled to a new trial. We now have this case on "return to remand." Appellant contends the trial court erred in denying him a new trial.
The alleged newly discovered evidence presented at the hearing after the case was remanded was the testimony of one John Hare. Hare testified that he was the person who had stolen the automobile which McDonald was convicted of buying, receiving or concealing. He stated that since the statute of limitations on prosecuting him for this crime had expired, he was testifying in this case on McDonald's behalf. He admitted to several prior convictions — for grand larceny, violating the Alabama Controlled Substances Act, and escape.
After hearing all the testimony, Judge Jasper stated in the record:
 "This cause coming on to be heard after remand from the Alabama Court of Criminal Appeals on September 23, 1983. An evidentiary hearing was conducted as mandated by the Court of Criminal Appeals to determine the credibility and admissibility of the alleged newly discovered evidence and further to determine whether the appellant is entitled to a new trial. After conducting such hearing and reviewing the transcript of the original trial and the first hearing of coram nobis and further reviewing the affidavit submitted by the defendant, this Court is of the opinion that the petition for writ of error coram nobis should be and is hereby denied for the following reasons:
 "(1) The affidavit of John E. Hare and his subsequent testimony ore tenus on said September 23, 1983, this Court finds that John E. Hare is not credible; that his testimony is unbelievable. In the opinion of this Court, he has been sufficiently impeached. I cannot help but remark that according to said testimony, he came forth after the statute of limitations had run. Regardless of the statute of limitations having run, his lengthy criminal record and his close association with the defendant, James Ray McDonald, leaves his testimony as unbelievable.
 "(2) The affidavit of Tommy Frank Hare also is not credible. This Court is satisfied he has been sufficiently impeached and his close association with the defendant shows his bias.
 "(3) I must remark that any affidavit of Dorothy Hare, mother of Tommy Frank Hare and John E. Hare, is not credible, regardless of what John E. Hare may have told her. She was available during the hearing and did not testify.
 "(4) The affidavit of Annette Wells does not add to or detract from the original evidence. Had it been known at the time of the trial of this cause, it would not have affected the verdict, in the opinion of this court.
 "(5) The affidavit of the Honorable Arthur Parker is credible; however, it cannot be determined as newly discovered evidence.
 "(6) The affidavit of Rubinelle S. Singleton cannot be considered as newly discovered evidence as it was within the knowledge of the defendant at the time of the trial of this cause.
 "(7) The affidavit of the Honorable J. Wilson Dinsmore states nothing more than hearsay as related to him by John E. Hare. In comparing the affidavit of said Mr. Dinsmore and the testimony of John E. Hare, Hare states that the communication was by telephone. Whereas, the affidavit stated that the communication was personal am aware that Mr. Dinsmore testified in open Court that Mr. Hare had called him at the time of the communication.
 "(8) It is the opinion of this Court that had both John E. Hare and Tommy *Page 442 
Frank Hare testified at the time of this cause on behalf of the defendant, James Ray McDonald, that both witnesses would have been impeached and the same result would be reached a jury verdict against the defendant.
 "(9) In reviewing the transcript, the testimony of Officer Haynes and Officer Atkinson as being eye witness identification of the defendant in this cause; both placed the defendant as the driver of the Chevrolet that was stopped by Officer Haynes, the same result, in the opinion of this Court, would have been reached by the jury.
 "In none of the affidavits nor in the testimony of John E. Hare were the details of the stopping of the Chevrolet shown as those brought out by Officer Haynes in his testimony.
 "It is, therefore, ORDERED, ADJUDGED and DECREED that the petition for writ of error coram nobis be and is hereby denied."
The granting of a new trial on the basis of newly discovered evidence "rests in the sound discretion of the trial court and depends largely on the credibility of the new evidence."Robinson v. State, 389 So.2d 144 (Ala.Crim.App.) cert. denied,389 So.2d 151 (Ala. 1980). The trial court is the factfinder in a hearing on a motion for new trial. One condition of the trial court's granting a new trial on the basis of newly discovered evidence is that the court must believe the evidence presented at the hearing. Seibert v. State, 343 So.2d 788 (Ala. 1977). Considering the guidelines for judging newly discovered evidence as set forth in Zuck v. State, 325 So.2d 531 (1975), and Seibert, supra, we find that the trial court did not err in its conclusion denying appellant's motion for new trial.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.