473 So.2d 579 (1985)
James H. SNIDER
v.
STATE.
6 Div. 651.
Court of Criminal Appeals of Alabama.
January 8, 1985.
On Return to Remand June 11, 1985.
James H. Snider, pro se.
Charles A. Graddick, Atty. Gen., and Tommie Wilson, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
In the petition for writ of error coram nobis filed by appellant James H. Snider, issues have been raised which would ordinarily require a hearing. The circuit court dismissed the petition without a hearing. We must remand this case with instructions *580 to the circuit court to conduct a hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
This case was remanded to the Circuit Court of Lamar County for an evidentiary hearing in response to a petition for writ of error coram nobis alleging newly discovered evidence and alleging instances of ineffective assistance of counsel. In accordance with our directions, the Circuit Court of Lamar County conducted a hearing, at which evidence was presented. Various cash purchase tickets were presented as evidence of the appellant's being somewhere other than where the marijuana sale was made on the day in question. Appellant's wife testified to the reason for the belated discovery of this evidence. There is also testimony in regard to counsel's failure to interview witnesses before they testified. At the conclusion of the hearing, the court denied the petition for writ of error coram nobis.
Appellant contends the trial court erred in denying him a new trial. The legal standard is that the granting of a new trial "rests in the sound discretion of the trial court and depends largely on the credibility of the new evidence." Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala.1980).
As we stated in McDonald v. State, 451 So.2d 440 (Ala.Cr.App.1984):
"The trial court is the factfinder in a hearing on a motion for new trial. One condition of the trial court's granting a new trial on the basis of newly discovered evidence is that the court must believe the evidence presented at the hearing. Seibert v. State, 343 So.2d 788 (Ala. 1977). Considering the guidelines for judging newly discovered evidence as set forth in Zuck v. State [57 Ala.App. 15], 325 So.2d 531 (Ala.1975) and Seibert, supra, we find that the trial court did not err in its conclusion...."
We arrive at the same conclusion in the present case. Neither the alleged "newly discovered" evidence nor the alleged ineffectiveness of counsel was proved to the extent that the court was obliged to order a new trial. In fact, the evidence fell far short.
Accordingly, this case is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.