McMILLAN, Judge.
This appeal arises out of the judgment of the Mobile County Circuit Court granting Sarah Nell Robinson’s petition filed pursuant to Rule 20, Temp. Ala.R.Crim.P.
In April 1985, Robinson was found guilty of the murder of her husband, Franklin Delano Copeland, and was sentenced to a term of 10 years’ imprisonment. She appealed her conviction to this Court, which affirmed the judgment of the trial court. Robinson v. State, 528 So.2d 343 (Ala.Cr.App.1988). In July 1986, she filed the Rule 20 petition sub judice, in which she alleged that she had newly discovered evidence. Specifically, the petition alleged that, although the prosecution repeatedly referred to the .22 caliber pistol that was the death weapon in this case as “her [the appellee’s] gun”, a newly discovered pistol permit proves that the pistol, in fact, was registered to her husband, the victim. An evidentiary hearing was held on the merits of her claims, after which the trial court granted her petition, holding, in pertinent part, as follows:
“Reduced to its essentials, the State proved at trial that petitioner had the means, the motive, and the opportunity to commit the charged offense. One of petitioner’s daughters, Darlene Copeland Volking, also had the opportunity, being present in the residence on the night of the homicide; she also had a motive, having testified that she had been molested by the deceased. In a decision followed without deviation by the Courts of this State since it was rendered, the Supreme Court in Ex parte Acree, 63 Ala. 234 (1879), with regard to the sufficiency of proof by circumstantial evidence, held that ‘No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires.’ As such, the sufficiency of the evidence at trial depended upon proof that petitioner had superior access to or control over the means of the homicide— the .22 caliber H & R revolver.
“At trial, the State introduced petitioner’s application for a pistol permit for the murder weapon, dated April 2, 1980, which would have rendered any permit issued pursuant to the application in effect at the time of the homicide (R-281). No pistol permit issued on the application was introduced. A reasonable jury could readily have drawn an inference from the application that the pistol was registered to the petitioner as of the date of the homicide.
“That the murder weapon was a pistol registered to petitioner is a highly prejudicial conclusion. The Court notes that the Court of Criminal Appeals, in affirming petitioner’s conviction (that Court, of course, did not have the benefit of considering the then-undiscovered pistol permit of the deceased), specifically observed that the sufficiency of the evidence included proof that a .22 caliber revolver was ‘registered’ in petitioner’s name.
“Further, the State during its questioning of witnesses continually characterized the .22 revolver as ‘your gun’ and ‘her gun,’ referring to petitioner (for illustrative instances, see RT-266, 267, 277, 280, 281, 343, 345). Further, the State specifically referred to the .22 revolver as ‘her gun,’ meaning petitioner’s, during its closing argument to the jury. As is the court reporter’s usual practice, not all of the closing argument was transcribed, but rather, only that argument which was objected to by one of the attorneys. Nonetheless, an instance of the State referring to the weapon as ‘her gun’ appears in the transcript at R-353. There were other instances of identical argument made by the State, which were not transcribed because the argument was not objected to. The Court observed the jury during the testimony of the witnesses and the closing argument of the attorneys, and the Court finds as a fact that the continual references to the .22 *663 revolver as ‘her gun,’ coupled with the introduction of the aforementioned pistol permit application in petitioner’s name for the .22 revolver, were highly prejudicial to petitioner.
“In the final analysis, the newly discovered pistol permit negated the highly prejudicial inference created at trial and argued by the State that the murder weapon was petitioner’s gun, and as such, also negated the inference to be drawn that petitioner had superior control over the means of the homicide than did Darlene Copeland Volking. With the case in such a posture, it is reasonably consistent from the evidence that either petitioner or Darlene Copeland Volking may have committed the act. If the evidence is without selective application to either of the two, then the circumstances can be reasonably reconciled with the theory that some person other than petitioner (Volking) committed the act, Ex parte Acree, supra, and the applicable test for the sufficiency of circumstantial evidence is not met. Accordingly, the Court finds as a fact that if the newly discovered pistol permit had been known at the time of trial, the result would probably have been different.”
This appeal followed.
The sole issue presented for review by this Court is the State’s contention that the pistol permit obtained by the victim is collateral to the issues raised at trial, and that the court therefore erred in granting the appellee’s petition based on newly discovered evidence. Because this evidence would not result in a different verdict should a new trial occur, it is the opinion of this court that the judgment of the trial court is due to be reversed, and this cause remanded.
“To establish the right to a new trial based on newly discovered evidence, the appellant must show: (1) that the evidence will probably change the result if a new trial is granted; (2) that it has been discovered after the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching.”
Isom v. State, 497 So.2d 208, 212 (Ala.Cr.App.1986) (citations omitted). See also, Temp. Rule 20.1(e), A.R.Crim.P.
In Griffin v. State, 500 So.2d 83 (Ala.Cr.App.1986), this Court held that:
“The granting or denial of a new trial on the ground of newly discovered evidence is a decision resting largely within the sound discretion of the trial court and the decision will not be reversed on appeal unless it is clearly shown that the trial judge abused his discretion.”
Id. at 91 (citations omitted).
A detailed summary of the evidence against the appellee at trial can be found in the earlier decision of this Court affirming her conviction on direct appeal. See, Robinson, supra, at 344-45. As the trial court noted in its order granting the instant petition, this Court did consider the appellee’s apparent ownership of the death weapon in determining that sufficient evidence was offered at trial to support her conviction. In light of the other evidence presented by the prosecution, as well as the fact that the appellant did not raise a defense of self-defense or any other defense in which the ownership of the gun was material, we do not believe the fact that the victim owned the pistol is sufficient by itself to have probably created a reasonable doubt in the mind of the jury where one did not otherwise exist.
In finding that the newly discovered pistol permit, if offered at the appellee’s trial, would have probably resulted in a different outcome, the trial court concluded that the jury could have reasonably believed from the evidence that either the appellee or her daughter could have committed the homicide. Such a conclusion, however, ignores the great weight of the evidence which points solely toward the guilt of the appel-lee. For example, evidence offered at trial indicated that the appellee was having marital problems and was in great financial difficulty at the time of the murder. Other evidence showed that, as a result of her husband’s death, the appellee acquired a large sum of money from oil leases belonging to him, as well as control over property jointly owned by the victim and the appel- *664 lee. Moreover, during the initial investigation by police, the appellee maintained that a burglary had occurred and that her husband may have been shot by the burglar. However, testimony from the officers involved in the investigation strongly suggested that, in fact, no burglary ever took place and that the appellee had attempted to “stage” a burglary. Additional testimony by officers of the Chickasaw Police Department showed that, in 1977, the appellee faked a robbery of her business in which she shot herself, and that the officers also believed that she faked a burglary of her home in 1979. Finally, Chief Hollinhead testified that a complaint concerning yet another burglary attempt at the appellee’s home had been received a few months prior to the murder of her husband.
By comparison, the only evidence implicating the appellee’s daughter in this crime was the daughter’s own testimony that she had been molested by the victim and that she was at the residence on the night of his death.
Although the trial court noted that the State’s case was based on circumstantial evidence, this Court has held that circumstantial evidence is not inferior, and will support a conviction as strongly as direct evidence where it points to the guilt of the accused. Robinson, supra, at 349; Agee v. State, 470 So.2d 1331 (Ala.Cr.App.1985); Kelsoe v. State, 356 So.2d 735 (Ala.Cr.App.1978).
In this Court’s opinion, even when the newly discovered pistol permit is considered, the evidence in this case excludes every reasonable hypothesis but that of the appellee’s guilt. Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App.1979), cert. denied, Ex parte Cumbo, 368 So.2d 877 (1979). Accordingly, the judgment of the trial court is due to be reversed and the appellee’s conviction reinstated.
REVERSED AND REMANDED.
All Judges concur except BOWEN, J., concurring in result only.