Sherry Compton Cavender, the appellant, was convicted of the unlawful sale of marijuana and was sentenced to 15 years' imprisonment. She was also convicted of the unlawful possession of marijuana for other than personal use, the unlawful possession of diazepam (Valium), and the unlawful possession of a short-barreled shotgun. She was sentenced to two years' imprisonment in each of those cases, with those sentences to run concurrently with her 15-year sentence for the sale of marijuana. She raises two issues on this appeal from those convictions.
 I.
Nathan Lynn Bolan purchased marijuana from the appellant in a "controlled buy" conducted by Morgan County Sheriff's Deputy Walter Price. Bolan was not a law enforcement officer but had volunteered to work with the Morgan County Sheriff's Department. The appellant contends that Bolan perjured himself at trial when he testified that he did not receive any reward for his assistance, that he was not employed by any law enforcement agency, and that he aided the sheriff's office because he had two children and did not want anyone selling dope in his neighborhood and because he wanted to be involved with law enforcement. R. 13, 15, 19.
At a hearing on the appellant's motion for new trial, the appellant's trial counsel testified that approximately one week after the trial, the appellant told him that Bolan had told her that he had lied at trial. Defense counsel testified that Bolan came to his office the next day and told defense counsel that Deputy Price had promised him (Bolan) $400 if and when a conviction was obtained, that Price paid him the $400 after the jury had returned its verdict, that Deputy Price had told him that if he were asked why he was testifying to answer that "it was because he wanted to clean up his community," and that "law enforcement also told him that they could get his father in trouble if he didn't testify." R. 7. Counsel testified that Bolan stated that he "didn't lie about [making the buy] but [that he] was under pressure on [his] father." R. 10. Trial counsel also stated *Page 722 
that Bolan agreed to sign an affidavit, but that he never returned the affidavit counsel mailed to him.
Deputy Price testified at the hearing that he had had no discussions or arrangements with Bolan "about [Bolan] being paid," and that Bolan did not expect any payment. However, Price testified that on "the afternoon after the case was over, [Bolan] came to my office and wanted to borrow a bulletproof vest." R. 16. At that time, Price gave Bolan $300 "for assisting in the case." R. 16, 20.
Price testified that after the case he learned that Bolan's father was involved with drugs but he also testified that he never had any conversation with Bolan about Bolan's father. Price testified that he did tell Bolan that "when [Bolan] got on the stand, [he] was to tell the truth." R. 24.
Price further testified that after the appellant's conviction, Bolan telephoned him and said that he (Bolan) was "scared"; that he was afraid the appellant and her husband "were going to get him"; and "that someone was going to kill him or harm him." R. 16-17.
Bolan was not present at the hearing on the motion for new trial. Although appellate counsel had twice subpoenaed Bolan, neither subpoena had been served. While the record contains no explanation why those subpoenas were not served, there is no allegation of impropriety. At the hearing, appellate counsel represented that the appellant had seen Bolan that morning and that Bolan had been asked to appear. R. 3.
We note that, at trial, Price was not asked any questions concerning any financial arrangement with or promise of reward to Bolan.
This issue is governed by the standard set out in Ex parteFrazier, 562 So.2d 560, 569-70 (Ala. 1989):
 "In order to grant a motion for new trial alleging perjured testimony, the trial court must be reasonably well satisfied 1) that testimony given by a witness at trial was false; 2) that there is a significant chance that had the jury heard the truth, it would have reached a different result; 3) that the evidence tending to prove the witness's perjury has been discovered since the trial; and 4) that that evidence could not have been discovered before or during trial by the exercise of reasonable diligence."
Here, the appellant failed to satisfy the trial court that Bolan's trial testimony was false.
 " '[R]ecantation by witnesses called on behalf of the prosecution does not necessarily entitle defendant to a new trial. The question of whether a new trial shall be granted on this ground depends on all of the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial. Moreover, recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true.'
 "Further, 'the courts, with their experience with witnesses, generally pay but little regard to the statements of recanting witnesses, and only in extraordinary cases will a new trial be allowed because of recanting statements.' "
Robinett v. State, 494 So.2d 952, 955 (Ala.Cr.App. 1986) (citations omitted).
Although, Bolan did not sign any affidavit in this case, " 'where a witness who has testified at a trial makes an affidavit that such testimony is false, little credence ordinarily can be placed in the affidavit.' " King v. State,574 So.2d 921, 925 (Ala.Cr.App. 1990) (quoting People v.McGaughran, 197 Cal.App.2d 6, 17, 17 Cal.Rptr. 121, 128
(1961).
 "The granting or denial of a new trial on the ground of newly discovered evidence is a matter left largely to the discretion of the trial judge, whose decision will be overturned only for an abuse of that discretion. White v. State, 294 Ala. 265, 314 So.2d 857[, cert. denied, 423 U.S. 951[, 96 S.Ct. 373, 46 L.Ed.2d 288]] (1975). An appellate court, in reviewing a grant or denial of a new trial motion, is obliged to indulge every presumption in favor of the correctness of the trial court's decision. Ward v. State, 440 So.2d 1227 (Ala.Cr.App. 1983); Woodard v. State, 401 So.2d 300 (Ala.Cr.App. 1981)." *Page 723 
Ex parte Robinson, 565 So.2d 664, 667 (Ala. 1990).
 "The granting of a new trial on the ground of newly discovered evidence rests in the discretion of the trial court and depends largely on the credibility of the new evidence. Snider v. State, 473 So.2d 579 (Ala.Cr.App. 1985); Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980). The trial court is the factfinder in a hearing on a motion for a new trial, and a condition to the granting of a new trial on the basis of newly discovered evidence is that the trial court must believe the evidence presented. McDonald v. State, 451 So.2d 440
(Ala.Cr.App. 1984)."
McMillian v. State, 594 So.2d 1253, 1264 (Ala.Cr.App. 1991), remanded as to result, 594 So.2d 1288 (Ala. 1992). "This Court can neither pass judgment on the possible truthfulness or falsity of testimony, . . . nor on the credibility of witnesses." Collins v. State, 412 So.2d 845, 846 (Ala.Cr.App. 1982). "[A] presumption of correctness will continue to be indulged in favor of the trial court's factual findings, and the trial court's ruling on the motion will be upheld on appeal unless it is clearly erroneous." Frazier, 562 So.2d at 570.
Here, we find no abuse in the trial court's denial of the motion for new trial. See McMillian v. State, 616 So.2d 933
(Ala.Cr.App. 1993).
 II.
The appellant argues that the State failed to prove that the sale of marijuana occurred within three miles of a school and that, for that reason, the enhancement provisions of Ala. Code 1975, § 13A-12-250, were improperly applied.
At the sentencing hearing, Deputy Price testified that the sale occurred at the appellant's residence which is "on 36 across from the Valamosta Springs Post Office." R. 27. He stated that the Valamosta Springs school is located "probably within a half a mile." R. 27. When asked how he made this determination, Price stated: "You can just about see — well, it's just — if you left the defendant's residence and went down, probably two hundred yards and turned right and you would go up another hundred yards, the school would be on you left." R. 28.
The State need prove only that the sale occurred within three miles of a school "by a preponderance of the evidence."Powell v. State, 600 So.2d 1085, 1087 (Ala.Cr.App. 1992). See also Jackson v. State, 582 So.2d 598, 601 (Ala.Cr.App. 1991). We find the proof adequate to support the enhancement of the appellant's sentence under § 13A-12-250.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.