TAYLOR, Judge.
The appellant, Junior Mack Kirby, appeals the denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R.Crim.P. In 1977 the appellant was convicted of arson in the first degree. In 1978 the appellant attacked his conviction by filing a petition for a writ of error coram nobis. This petition was denied, and in 1979 this court affirmed the denial of the petition without opinion.
The current Rule 32 petition was filed in November 1993. The appellant contends in this petition that he is entitled to a new trial because newly discovered evidence exists. Attached to the petition is an affidavit of Linda Compton Phillips, a witness who testified at the appellant's 1977 trial. The affidavit states that her testimony at trial was coerced and that "to her knowledge" the appellant was not involved in the arson. The court held an evidentiary hearing on the petition, at which Phillips testified. The court, in a thorough order, denied the petition. The court stated the following in its order concerning Phillips's testimony:
"This court must first determine if this witness has, in fact, recanted her testimony at the trial and testified that it was not true.
"Nowhere in the affidavit, nor in her testimony in court on this petition, has she recanted her trial testimony. She has never said that it wasn't true. The only thing that she does say is that at this time, she cannot remember whether her testimony as she read it in the transcript is true, or not. She said, `I can't say if it's facts, or if ft's a dream. It all is somewhat like a *798 dream to me.’ The trial occurred 17 years ago.
“Obviously, Mrs. Phillips is very sympathetic to the defendant and would like to help him, at this time.
“She testifies that her memory is vague and that she was an alcoholic, but she had been in jail for 94 days at the time she gave her trial testimony. She attempts to allege coercion by her husband and George Tubbs, an investigator for the county.... However, she never says that any such coercion caused her to give false testimony. Although this trial occurred 17 years ago, this judge tried the case and has an unusually vivid memory of it because of the attorneys involved....
“The court observed this witness at the trial and paid very close attention to her because of the very substantial question of whether she was an accomplice or not. The court submitted this issue to the jury as a question of fact, after defining in detail the term ‘accomplice.’ She was very coherent and clear of mind while testifying. She was subjected to extremely harsh cross-examination, but nothing in her demeanor at any time gave any indication that she did not have all of her wits about her at the time she was testifying. Certainly, she was not under the influence of alcohol or drugs at the time.
“This witness has never said that her testimony at the trial was not true. The jury believed her testimony, and this court believed her testimony at the time.”
(Emphasis supplied.)
In order for a conviction or sentence to be vacated on the basis of newly discovered evidence, that evidence must meet the criteria set forth in Rule 32.1(e), Ala.R.Crim.P. This rule provides:
“(1) The facts relied upon were not known by petitioner or petitioner’s counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
“(2) The facts are not merely cumulative to other facts that were known;
“(3) The facts do not merely amount to impeachment evidence;
“(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
“(5) The facts establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received.”
The standard applied by this court when reviewing the denial of a Rule 32 petition that alleges newly discovered evidence is whether the court abused its discretion in denying the petition. Taylor v. State, 266 Ala. 618, 97 So.2d 802 (Ala.1957); Miles v. State, 624 So.2d 700 (Ala.Cr.App.1993); Elliott v. State, 601 So.2d 1118 (Ala.Cr.App. 1992). As Judge Bowen stated in Cavender v. State, 629 So.2d 721, 722-23 (Ala.Cr.App.1993):
“ ‘ “[Wjhere a witness who has testified at a trial makes an affidavit that such testimony is false, little credence ordinarily can be placed in the affidavit.” ’ King v. State, 574 So.2d 921, 925 (Ala.Cr.App.1990) (quoting People v. McGaughran, 197 Cal.App.2d 6, 17, 17 Cal.Rptr. 121, 128 (1961).
“ ‘The granting or denial of a new trial on the ground of newly discovered evidence is a matter left largely to the discretion of the trial judge, whose decision will be overturned only for an abuse of that discretion. White v. State, 294 Ala. 265, 314 So.2d 857, cert. denied, 423 U.S. 951[, 96 S.Ct. 373, 46 L.Ed.2d 288] (1975). An appellate court, in reviewing a grant or denial of a new trial motion, is obliged to indulge every presumption in favor of the correctness of the trial court’s decision. Ward v. State, 440 So.2d 1227 (Ala.Cr.App.1983); Woodard v. State, 401 So.2d 300 (Ala.Cr.App.1981).’
“Ex parte Robinson, 565 So.2d 664, 667 (Ala.1990).
“ ‘The granting of a new trial on the ground of newly discovered evidence rests in the discretion of the trial court and depends largely on the credibility of the new evidence. Snider v. State, 473 *799 So.2d 579 (Ala.Cr.App.1985); Robinson v. State, 389 So.2d 144 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala.1980). The trial court is the factfinder in a hearing on a motion for a new trial, and a condition to the granting of a new trial on the basis of newly discovered evidence is that the trial court must believe the evidence presented. McDonald v. State, 451 So.2d 440 (Ala.Cr.App.1984).’
“McMillian v. State, 594 So.2d 1253, 1264 (Ala.Cr.App.1991), remanded as to result, 594 So.2d 1288 (Ala.1992). ‘This Court can neither pass judgment on the possible truthfulness or falsity of testimony, ... nor on the credibility of witnesses.’ Collins v. State, 412 So.2d 845, 846 (Ala.Cr.App.1982). ‘[A] presumption of correctness will continue to be indulged in favor of the trial court’s factual findings, and the trial court’s ruling on the motion will be upheld on appeal unless it is clearly erroneous.’ [Ex parte] Frazier, 562 So.2d [560] at 570 [Ala.1989) ].”
(Last bracketed material added.)
We hold that the court did not abuse its discretion in denying the petition, for the reasons stated in the court’s order.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.