JAMES H. FAULKNER, Retired Justice.
Gates Pritchett, Jr., filed a Rule 20, A.R.Cr.P.Temp., petition in the Jefferson County Circuit Court on October 19, 1989, attacking his 1987 robbery conviction and sentence of life imprisonment without parole. Following two hearings on the petition, the trial court issued an order denying the Rule 20 petition. Pritchett’s appeal was first dismissed as untimely but was subsequently reinstated as an out-of-time appeal because the order denying Pritch-ett’s petition was sent to his former counsel rather than his present counsel. Three issues are raised on appeal.
I.
Pritchett contends that he was denied his right to due process because the State either negligently or intentionally failed to disclose exculpatory evidence that a witness to the robbery was unable to pick Pritchett’s picture out of a photographic display of six photographs.
*399 Under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), suppression of material evidence favorable to the defendant is a violation of the due process clause of the United States Constitution. “The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). “A ‘reasonable probability’ is a probability sufficient to undermine confidence in the outcome.’ ” Id.
The alleged exculpatory evidence is simply that Curtis L. Cunningham, an employee at a Woolworth’s department store in Birmingham on March 16, 1985, when the store was robbed, saw one of the robbers holding a gun on the store manager but did not recognize Pritchett’s photograph or identify him as the robber when Cunningham was shown a photographic display of six pictures.
Three other persons who were present when the robbery occurred did, however, identify Pritchett as the robber when shown the same photographic display. In the face of three positive identifications of Pritchett as one of the robbers, we cannot say that there was a reasonable probability that, had the evidence of Cunningham’s failure to identify Pritchett been disclosed to the defense, the result of the proceeding would have been different. Cunningham’s failure to identify anyone in the photographic lineup is neutral evidence at most. Hence, because this evidence was not material either to Pritchett’s guilt or his punishment, the trial court did not err in denying his petition on this ground.
II.
Pritchett contends that his trial counsel, Louis Wilkinson, was ineffective for failing to interview Curtis Cunningham, who was named as a witness on both the police reports and the indictment.
The two-pronged test for reviewing claims of ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):
“A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
Id. at 687, 104 S.Ct. at 2064.
In examining whether counsel’s performance was deficient, we cannot determine from the record whether counsel did or did not interview Mr. Cunningham. Mr. Wilkinson did not remember the police or anyone from the district attorney’s office telling him that Cunningham saw the robber’s face but that he was unable to identify Pritchett from a photographic display as one of the robbers.
Assuming, arguendo, that Wilkinson did not interview Mr. Cunningham and that this performance was deficient, Pritchett must still demonstrate that counsel’s error was so serious that it deprived Pritchett of a fair trial, a trial whose result is reliable.
As discussed supra, evidence that Cunningham was unable to identify Pritchett as one of the robbers from a photographic display was not material in view of the fact that three other witnesses positively identified Pritchett as one of the robbers. Hence, because the evidence was not material, no prejudice resulted from counsel’s alleged failure to interview Cunningham and to call him to testify at trial. “If there is no reasonable doubt about guilt whether or not the additional evidence is considered, *400 there is no justification for a new trial.” United States v. Agurs, 427 U.S. 97, 112-113, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342 (1976).
The trial court, therefore, properly denied Pritchett’s petition on this ground because Pritchett failed to demonstrate ineffective assistance of counsel.
III.
Pritchett claims that he is entitled to a new trial because of newly discovered evidence. Pritchett argues that while in jail in 1986, Jonathan Nelson overheard a conversation between Pritchett and another inmate named Ira Moore and that Moore confessed that Moore and another person, not Pritchett, had robbed the Birmingham Woolworth’s store on March 16, 1985. According to Pritchett, because Moore’s identity as the robber did not become apparent until Nelson testified in 1990, such evidence is “newly discovered.” We disagree.
Under Rule Temporary 20.1(e), (1) through (5), A.R.Cr.P.Temp. (in effect at the time Pritchett filed for post-conviction relief), a person may not obtain relief on the basis of newly discovered evidence, unless the evidence meets the following requirements:
“(e) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
“(1) the facts relied upon were not known by petitioner or his counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Temporary Rule 13, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and
“(2) the facts are not merely cumulative to other facts that were known; and
“(3) the facts do not merely amount to impeachment evidence; and
“(4) if the facts had been known at the time of trial or sentencing, the result would probably have been different; and
“(5) the facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.”
See also Isom v. State, 497 So.2d 208 (Ala.Cr.App.1986).
In the case at bar, the alleged newly discovered evidence does not meet the above requirements because the information was clearly known to Pritchett before his trial. Had Pritchett given this information to his counsel, Moore could have been subpoenaed and put on the stand and compelled to answer questions.
Ira Moore’s testimony taken at the hearing on May 4, 1990, moreover, clearly refutes Pritchett’s contention. Moore testified that he did not have any facts he could swear to as to why he was of the opinion that Pritchett was not the robber in the crime charged.
Because the facts relied upon were known by Pritchett at the time of his trial, the trial court properly found that these facts did not constitute newly discovered evidence.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Supreme Court Justice, and his opinion is hereby adopted as that of the Court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.